**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| **CHANT ENGINEERING CO., INC.** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | **No. 06-282C** |
| **The UNITED STATES** | ) | |
| | ) | |
| **Defendant,** | ) | **Judge Horn** |
| **and** | ) | |
| | ) | |
| **DAYTON T. BROWN, INC.** | ) | |
| | ) | |
| **Intervenor.** | ) | |

**PLAINTIFF'S MOTION TO STRIKE THE "REPLY TO CROSS-MOTION" FILED BY INTERVENOR DAYTON T. BROWN, INC.**

## I. Introduction

Plaintiff Chant Engineering Co., Inc. ("Plaintiff") hereby moves the Court to strike the "Reply To Cross-Motion" filed by the Intervenor, Dayton T. Brown, Inc. ("DTBI"). The basis for the Motion is that DTBI is not entitled to a reply, absent leave of Court, since it did not file a Cross-Motion for Judgment On The Administrative Record in response to Plaintiff.

## II. Discussion

The Court's Scheduling Order of April 11, 2006 provided that Plaintiff's Motion For Judgment On The Administrative Record ("Plaintiff's Motion") was due on May 5 and Cross-Motions were due on June 7.

Plaintiff's Motion was filed on May 26, 2006. DTBI then filed its Opposition to Plaintiff's Motion on May 26. DTBI did not, however, file a Cross-Motion; it simply requested that Plaintiff's Motion be denied "in its entirety." On June 7 Plaintiff filed

its Reply to DTBI's Opposition. On June 7, DTBI then filed what it calls its "Reply To Cross-Motion."[1]

Rule 7.2 of the Rules Of The United States Court Of Federal Claims ("RCFC") sets forth the time for filing various papers. In (c), entitled Motions Under RCFC 12(b), 12(c), 56 and 56.1 it states:

> Responses to these motions shall be filed within 28 days after service of the motion and replies thereto within 14 days after service of the response.

RCFC 7.2 (e) then provides (in pertinent part):

> Cross-Motions. Where the responding party files a cross-motion. . . .where a cross-motion is filed, the parties shall have the same amount of time to respond and reply to the cross-motion as an original motion.

As the rule makes clear, absent a cross-motion, filings under Rule 56.1 are limited to the Motion the response and a reply; there is no reply to the reply. Only where the respondent to the original motion files a cross-motion does it get a final reply. Since DTBI filed no cross-motion, its reply is unauthorized and should be stricken.

## III. Conclusion

Wherefore, for the foregoing reasons, Plaintiff Chant Engineering Co., Inc. respectfully requests that the "Reply To Cross-Motion" filed by the Intervenor, Dayton T. Brown, Inc. be stricken.

Respectfully submitted,

s/ Marc Lamer

MARC LAMER
Attorney for Plaintiff

Date: 6-9-06

[1] While the title of the document would suggest that it is a reply to Defendant's filing (since only Defendant has filed a cross-motion), the substance of the pleading is directed against Plaintiff's Reply.