# In the United States Court of Federal Claims

* * * * * * * * * * * * * *
**CHANT ENGINEERING CO., INC.,** *

**Plaintiff,**
**v.**

**UNITED STATES,**

**Defendant,**

**and**

**DAYTON T. BROWN, INC.,**

**Defendant-Intervenor.**

* * * * * * * * * * * * * *

**No. 06-282C**
**Filed: June 15, 2006**

## O R D E R

On June 14, 2006, the court heard oral argument on the parties' cross-motions for judgment upon the administrative record. As discussed with the parties at the hearing, on or before **Monday, June 26, 2006**, the defendant and intervenor shall file supplemental briefs addressing the issue of whether or not the intervenor's system is an off-the-shelf, commercial item. Defendant and intervenor shall include in an appendix to their briefs supporting documents, including the solicitation and FAR references to and definition of commercial items, documents attempting to demonstrate that intervenor's system is a commercial item, including those referred to for the first time at the June 14, 2006 hearing, and a legible copy of the GAO opinion at AR 426. Defendant and intervenor also shall address in their briefs the issue of proprietary software and system compatibility. Defendant and intervenor shall not bypass but shall address plaintiff's arguments on this issue directly, discussing, for example, the inter-relationships among Daytronics' System 10 software, DACS System software, intervenor's allegedly proprietary software, the software for the Army's calibration equipment, the necessity for interface and compatibility between the Army's new test stands to be procured and the Army's old test stands, etc. Plaintiff shall file a response brief on or before **Friday, June 30, 2006**. In addition to addressing the above matters and the matters raised by defendant and intervenor, plaintiff's brief shall include a discussion of injunctive relief, prejudice to the plaintiff, and standing. Defendant and intervenor shall file a reply brief on **Friday, July 7, 2006**. The briefs shall cite to the administrative record, and use specific page, paragraph and section citations. The parties shall seek clarity, spell acronyms, explain concepts, address each

other's arguments, and cite appropriately to the administrative record and the other documents in the appendices to their briefs.

Intervenor shall refrain from attempting to sign its electronic filings with an "/s/" and shall instead electronically sign its filings in the same way this order is electronically signed. So far this error was identified in documents 25, 26, 27, and 37. In its **Monday, June 26, 2006** filing, intervenor shall indicate adoption of all of its "unsigned" documents filed with an "/s/". Furthermore, all of the parties have filed at least one document, as containing protected information, but did not file the documents under seal, electronically. The documents so identified so far were nos. 28, 29, 30, 35, and 36. The clerk's office sealed all of these documents based on the protective legend on the documents themselves. For future filings, If there is any question on how to file a sealed document electronically, contact CM/ECF personnel at the court. Finally, as discussed at the June 14, 2006 hearing, the plaintiff's June 9, 2006 motion to strike the intervenor's June 7, 2006 reply is **DENIED**.

**IT IS SO ORDERED.**

s/Marian Blank Horn
**MARIAN BLANK HORN**
**Judge**