**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

**[Bid Protest]**

| | |
|---|---|
| CHANT ENGINEERING, INC.,<br><br>Plaintiff,<br><br>vs.<br><br>UNITED STATES OF AMERICA, DEPARTMENT OF THE ARMY,<br><br>Defendant.<br>and<br><br>DAYTON T. BROWN, INC.,<br><br>Intervenor. | No. 1:06-CV-00282<br><br>Assigned to Hon. Marian Blank Horn |

**OBJECTION AND OPPOSITION TO PLAINTIFF CHANT ENGINEERING CO., INC.'S MOTION FOR LEAVE TO SUBMIT A SUPPLEMENTAL DECLARATION**

Dale H. Oliver
Jon Corey
Rachel Fiset
QUINN EMANUEL URQUHART
OLIVER & HEDGES, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100
Attorneys for Third-Party Intervenor
Dayton T. Brown, Inc.

Pursuant to the Court's June 15, 2006 Order, Intervenor Dayton T. Brown, Inc. hereby objects to and opposes plaintiff Chant Engineering Co., Inc.'s ("Chant") Motion for Leave to Submit a Supplemental Declaration. Dayton T. Brown objects on the grounds that this motion is brought improperly and the Court's Order does not permit any party to file a surreply. Chant argues that a surreply or supplemental declaration is necessary because Dayton T. Brown's statement that its web-site contained a typographical error is a new factual assertion. Not so. The evidence that Chant purports to address in its surreply—a discrepancy between Dayton T. Brown's web-site and Dayton T. Brown's separate brochure—was submitted in connection with Dayton T. Brown's Supplemental Brief on June 26, 2006. Interestingly, however, Chant's supplemental declaration in surreply is silent as to its own factual error contained in its Response to Dayton T. Brown's Supplemental Brief, namely the misrepresentation of another manufacturer's equipment as belonging to Dayton T. Brown's. Chant, therefore, has made no showing of why a surreply to permit a supplemental declaration should be permitted in this matter.

Surreplies are disfavored by the courts. *See Princess Cruises, Inc. v. United States*, 397 F.3d 1358, 1361 (Fed. Cir. 2005) (cautioning counsel not to file improper surreplies); *see also Wright ex rel. Trust Co. of Kansas v. Abbott Labs.*, 62 F. Supp. 2d 1186, 1187 (D. Kan., 1999) ("Surreplies are disfavored, and normally will be permitted only upon prior invitation by the court."); *see also Vulcan Materials Co. v. Atofina Chemicals Inc.*, 355 F. Supp. 2d 1214, 1246 (D. Kan., 2005) (denying a surreply because "surreplies are disfavored," the case presented no reason for departing from the general rule, and the parties had already received more than

sufficient opportunity to brief all issues relating to the case).[1] For the foregoing reasons, Dayton T. Brown respectfully requests that Chant's Motion for Leave to Submit a Supplemental Declaration be denied in its entirety.

DATED: July 21, 2006

QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

By s/Dale H. Oliver
Dale H. Oliver
Attorneys for Intervenor
Dayton T. Brown, Inc.

---

[1] *See also General Motors Corp. v. Am. Ecology Envtl. Services Corp.*, 2001 WL 1029519, *1 (N. D. Tex., 2001) ("Surreplies are highly disfavored by the court because they are usually an attempt by one side to get the last word on an issue, rather than a means to bring new or supplemental authority to the attention of the court.")