IN THE UNITED STATES COURT OF FEDERAL CLAIMS
(BID PROTEST)

| | | |
|---|---|---|
| CHANT ENGINEERING CO., INC. | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| THE UNITED STATES, | ) | |
| | ) | No. 06-282C |
| Defendant, | ) | |
| | ) | (Judge Horn) |
| and | ) | |
| | ) | |
| DAYTON T. BROWN, INC., | ) | |
| | ) | |
| Intervenor. | ) | |

DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION
FOR LEAVE TO SUBMIT A SUPPLEMENTAL DECLARATION

Pursuant to Rule 7.1 of the Rules of the United States Court of Federal Claims ("RCFC"), defendant, the United States, respectfully submits this opposition to plaintiff's motion for leave to submit a supplemental declaration, filed on July 12, 2006.

DISCUSSION

In its motion, plaintiff, Chant Engineering Company, Inc. ("Chant"), seeks to file a supplemental declaration from Philip Chant in response to Dayton T. Brown's ("DTBI") reply brief, in which DTBI stated that the maximum gallons per minute listed on DTBI's website for its proposed test stand was a typographical error. Pl. Mot. 1-2. Chant argues that the test stand offered on DTBI's website is different from the test stand offered in DTBI's proposal and, therefore, that DTBI's proposed test stand was not a commercial, off-the-shelf item, as required by the solicitation. Id. at 2. For the reasons set forth below, Chant's motion should be denied.

First, for evidence purposes, a declaration is "an unsworn statement made by someone

having knowledge of facts relating to an event in dispute." BLACK'S LAW DICTIONARY 415 (7th ed. 1999). In this case, Philip Chant's proposed declaration contains alleged facts of which he would have no personal knowledge. For example, Mr. Chant declares under oath that "DTBI has an in-house Technical Publications Division that writes complex technical testing manuals for flight critical aircraft components, where a 'typo' can get someone killed." Chant Decl. ¶ 4. However, Mr. Chant does not demonstrate or allege that he has any personal knowledge of this information. Instead, Mr. Chant's declaration declares that he is a vice-president for Chant, not DTBI. Id. at ¶ 1; see C.J.S. EVIDENCE § 285 (2006)("If a statement, when offered in evidence, is found to possess no probative quality, because the declarant was unable to state the truth of the matter from lack of knowledge or sufficient opportunities for acquiring knowledge, it should be rejected"). Moreover, Mr. Chant's statements calling DTBI 's arguments "disingenuous" and "farfetched" are conclusions that are not appropriate in a declaration of a fact witness. Id. at ¶¶ 4, 7; see Lindley v. Midwest Pulmonary Consultants, P.C., 55 S.W.3d 906 (Mo. Ct. App. W.D. 2001) (finding that the purpose of an affidavit is to state facts, not conclusions). Accordingly, these statements are improperly submitted in a declaration, and Chant's motion should be denied.

Second, Mr. Chant's declaration also improperly contains legal arguments, not facts. For example, Mr. Chant declares under oath that, if DTBI's test stand is "off the shelf," DTBI would have no need to propose a year-long design-and-build effort:

> Even if the reference to 60 gpm were a mere "typo" as claimed, neither DTBI nor the Government has addressed why DTBI has proposed a year long design and build effort, with multiple design reviews during the engineering design phase; if the offered test stand is already designed and "off the shelf," there is no reason for

any engineering or design reviews.[1]

Mr. Chant further declares that the National Stock Number on the printed brochure suggests that DTBI's test stand is not commercially available:

> DTBI has (apparently) not addressed the fact that, also unlike the website, the printed brochure contains a Government-specific National Stock Number ("NSN"), which would not suggest a commercially available product sold to the General Public; of course, as we have pointed out, not many people have to test military components outside the Military (nor has DTBI offered any evidence that its marketing brochure, unlike its web-site, is readily available to the General Public).[2]

Chant Decl. ¶¶ 5,6. Clearly, these statements are not statements of fact but are arguments which belong in legal briefing, not in a declaration from a fact witness. Chant, however, does not seek leave from the Court to file a sur-reply brief, and any sur-reply brief at this point in the protest would be prejudicial to the Government and DTBI because they would have no opportunity to respond to Chant's additional arguments.

Third, this Court's review on the merits of a bid protest is generally limited to a review of

---

[1] Mr. Chant argues that DTBI's test stand is not an "off the shelf" commercial item because DTBI needs a year to build and design it. However, this argument lacks merit because all that is required for an "off the shelf" commercial item is that the item has been sold or offered for sale to the general public. The item does not have to be currently ready and available for public sale. See FAR § 2.101; see also Chant Engineering Company, Inc., B-281521, 99-1 CPD ¶ 45 (Feb. 22, 1999) (finding that protestor was not offering "commercial off the shelf equipment" because there was no indication in the proposal that these items were ever commercially available). In contrast, DTBI has offered its test stand for sale to the general public in the past. See Defendant's Supplemental Brief ("Def. Suppl. Br.") at 5-6.

[2] Mr. Chant appears to argue that because DTBI's marketing brochure is not allegedly available or applicable to the general public, unlike its website, DTBI will not provide a "commercial item." Again, this argument is irrelevant to the Government's commercial item determination– all that is required is evidence that DTBI's test stand has been commercially available. See FAR § 2.101. We have already addressed this argument in our supplemental brief. Def. Suppl. Br. at 5-6.

the administrative record. Aero Corp. v. United States, 38 Fed. Cl. 408, 410 (1997); see Florida Power & Light v. Lorion, 470 U.S. 729, 743 (1985); Camp v. Pitts, 411 U.S. 138, 142 (1973); Overton Park, 401 U.S. at 420. However, the issues regarding whether Chant proposed an off-the-shelf, commercial item and Chant's response to that jurisdictional argument – that DTBI did not propose an off-the-shelf, commercial item – relate to Chant's standing to maintain this protest. "When considering a motion to dismiss" for lack of jurisdiction, even in a bid protest context, "the court may consider all relevant evidence in order to resolve any disputes as to the truth of the jurisdictional facts alleged in the complaint." CC Distributors, Inc. v. United States, 38 Fed. Cl. 771, 774 (1997). Therefore, if the Court grants Chant's motion, it should only consider the evidence in the proposed supplemental declaration for purposes of determining whether Chant has standing to bring this protest.

## CONCLUSION

For the foregoing reasons, we respectfully request that the Court deny plaintiff's motion for leave to submit a supplemental declaration.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/ Harold D. Lester, Jr.
HAROLD D. LESTER, JR.
Assistant Director

OF COUNSEL:

ALEX LOPEZ
Corpus Christi Army Depot
Legal Office
308 Crecy Street
Corpus Christi, TX 78419

s/ Marla T. Conneely
MARLA T. CONNEELY
Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Tel. (202) 307-1011
Fax. (202) 514-7965

Dated: July 27, 2006

Attorneys for Defendant

CERTIFICATE OF SERVICE

I hereby certify that on this 27th day of July, 2006, a copy of the foregoing "DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO SUBMIT A SUPPLEMENTAL DECLARATION" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ Marla T. Conneely