**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

**[Bid Protest]**

| | |
|---|---|
| CHANT ENGINEERING, INC.,<br><br>Plaintiff,<br><br>vs.<br><br>UNITED STATES OF AMERICA, DEPARTMENT OF THE ARMY,<br><br>Defendant.<br>and<br><br>DAYTON T. BROWN, INC.,<br><br>Intervenor. | No. 1:06-CV-00282<br><br>Assigned to Hon. Marian Blank Horn |

**RESPONSE OF THE INTERVENOR DAYTON T. BROWN, INC. TO PLAINTIFF CHANT ENGINEERING CO., INC.'S SUPPLEMENTAL DECLARATION**

Dale H. Oliver
Jon Corey
Rachel Fiset
QUINN EMANUEL URQUHART
OLIVER & HEDGES, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100
Attorneys for Third-Party Intervenor
Dayton T. Brown, Inc.

Pursuant to the Court's August 2, 2006 Order, Intervenor Dayton T. Brown, Inc. hereby responds to the plaintiff Chant Engineering Co., Inc.'s ("Chant") submission of its Supplemental Declaration. Chant's Supplemental Declaration seeks to offer evidence that Dayton T. Brown's proposal to Corpus Christi Army Depot does not provide an off-the-shelf, commercially available product. The premise of that argument is a typographical error found on Dayton T. Brown's website, since corrected. The Chant declaration contains unsupported conjecture and fails to provide any evidence that would demonstrate that the Model LE6000R is not the exact product that Dayton T. Brown claims it to be.

## I. A TYPOGRAPHICAL ERROR IS NOT EVIDENCE THAT THE MODEL LE6000R IS NOT COMMERCIALLY AVAILABLE

In attempting to support his position that the maximum gallons per minute listed on the Dayton T. Brown website was not a typographical error, Chant's declaration states that Dayton T. Brown's Technical Publication Division writes technical testing manuals for aircraft components "where a 'typo' can get someone killed." Supp. Chant Decl. ¶ 4. It further states that it is "farfetched" that a "typo" on the website would be discovered now. *Id.* It is Chant's conjecture that is farfetched. A typographical error on a website is not going to lead to anyone's death. No rational purchaser of a hydraulic test system would rely solely on representations made on a website over and above any of the more formal product information that is listed in the product brochure or accompanies the product upon delivery. Typographical errors on websites are possible and often go unnoticed, that is why they are errors. In short, the Technical Publications Division made a mistake when typing up specifications for the website and did not immediately notice its mistake after publication of the material.

## II. THE NATIONAL STOCK NUMBER ENABLES DAYTON T. BROWN TO SELL THE MODEL LE6000R TO THE GOVERNMENT AND THE GENERAL PUBLIC

In a further effort to prove that Dayton T. Brown's item is not commercially available Chant states that Dayton T. Brown has not addressed the fact that the printed brochure contains a government specific National Stock Number. Supp. Chant Decl. ¶ 5. Dayton T. Brown has not addressed the stock number because there is no reason to address it. As Chant himself points out, "not many people have to test military components outside the Military." *Id.* Dayton T. Brown's government specific National Stock Number for its Model LE 6000R test stand does not preclude any kind of commercial availability, it simply enables Chant to comply with the government's requirements while simultaneously making its product available to the general public.[1] The National Stock Number is not evidence that Dayton T. Brown's product is not commercially available.

## III. DAYTON T. BROWN'S MARKETING MATERIALS ARE PUBLICLY AVAILABLE

Chant states that Dayton T. Brown has not offered any evidence that its marketing brochure is readily available to the general public. Dayton T. Brown has previously stated that its marketing materials are all publicly available. *See* Dayton T. Brown Supp. Brief at 3. Moreover, its publicly available website makes it clear that its marketing materials are available

[1] For example, in 1996 Dayton T. Brown sold the same Model LE6000R test stand that is at issue here to Tong Myung Heavy Industries Co., Ltd. in Korea. Tong Myung Heavy Industries is the largest company in Korea specializing in the manufacture and supply of hydraulic and electronic based equipments. It is privately owned and is not affiliated with the U.S. or Korean governments. *See* Dayton T. Brown Supp. Brief at 2 & App. 37-47 (Price information for the Model LE6000R prepared for Tong Myung Heavy Industries).

to the general public.[2] There are various forms of contact information available on the site that enables any user to contact Dayton T. Brown and request more information about any of its services or products. The information sent to the general public from the website is the marketing brochure - the same marketing brochure that is sent when a member of a public entity requests information.

## IV. DAYTON T. BROWN SUBMITTED A PROPOSAL THAT COMPLIED WITH THE CORPUS CHRISTI ARMY DEPOT'S SOLICITATION

Chant states that neither Dayton T. Brown nor the government has addressed why Dayton T. Brown has proposed a year long design effort. Chant speculates that Dayton T. Brown's proposed twelve month completion date means that contractors must take that time to modify the system in a way that conforms to Corpus Christi Army Depot's specifications. Chant is incorrect. Dayton T. Brown submitted a proposal to be completed in twelve months because Corpus Christi Army Depot's specification calls for the completion of all work to be done within twelve months of the award. AR 196 (Sections C.1.2, C.2.0). Dayton T. Brown was simply abiding by the specifications in the solicitation to have all systems working and installed when it made its proposal. AR 202 (Section C.9.0), AR 326. The specification calls for an extensive installation process including providing test system drawings and manuals, designing, installing, connecting and testing new wiring, as well as providing on-site training. AR 196 (Section C.1.2), AR 202 (Section C.9.0). The proposed twelve month timeframe has no bearing on whether Dayton T. Brown's equipment is an off-the-shelf item, rather the timeframe provides the contractor enough time to complete the full installation of the new test stand.

---

[2] Chant admits that the Dayton T. Brown website is available to the General Public. Supp. Chant Decl. ¶ 5.

Moreover, Chant's claim that it is "disingenuous at best" for Dayton T. Brown to claim that it does not have to modify its existing equipment is incorrect and irrelevant. Chant's proposal to the Corpus Christi Army Depot provides for the installation of the exact same item that was previously sold to Corpus Christi Army Depot and Tong Myung Heavy Industries, contained in Dayton T. Brown's marketing brochures, and found on the Dayton T. Brown website. *See* Dayton T. Brown Supp. Brief at 2-3. It is an off-the-shelf, commercially available item.

DATED: August 16, 2006

QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

By s/Dale H. Oliver
Dale H. Oliver
Attorneys for Intervenor
Dayton T. Brown, Inc.